## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | Case No. 4:25−cr-00399 |
| | § | |
| v. | § | |
| | § | |
| RAMIREZ-CORREA, et al, | § | |
| | § | |
| *Defendants.* | § | |

## MOTION FOR RECONSIDERATION OF DETENTION
## OF CO-DEFENDANT EMBEER GUTIERREZ TERNAWSKY

**TO THE HONORABLE CLERK AND JUDGE OF SAID COURT:**

**NOW COMES**, the Defendant **EMBEER GUTIERREZ TERNAWSKY** (hereinafter "Defendant"), and files this Motion for Reconsideration of Detention, as follows:

### I.     BACKGROUND

The Government arrested and detained the Defendant and later indicted him. The Indictment names the Defendant under the following counts of the Grand Jury Indictment: Count 3 – Dealing in Firearms Without a License (in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D)); Count 5 – Illegal Possession of a Machine Gun (18 U.S.C. §§ 922(o)(1), 924(a)(2)) and 18 U.S.C. § 2); and Count 6 – Conspiracy to Possess with Intent to Distribute a Controlled Substance 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)).

Prior to the Indictment, on July 7, 2025, the Defendant appeared before U.S. Magistrate Judge Peter Bray for his Preliminary Examination & Detention Hearing where the Court found probable cause and, after hearing testimony, evidence and arguments, ordered the Defendant's detention

pending trial. (Doc. 45). It is on this decision movant seeks reconsideration. The Defendant is currently being detained at the Joe Corley Detention Center in Conroe, Texas.

## II.    LEGAL STANDARD

While the Rules of Criminal Procedure do not explicitly provide for motions to reconsider, the courts have repeatedly held that such motions are proper in criminal cases. *See U.S v Sunia*, 643 F. Supp 2d 51, 60 (D.D.C. 2009), *U.S v Slough*, No. CR 08-360 (RCL), 2014 WL 3734139, *2 (D.D.C. July 29, 2014), *U.S v Cabrera*, 699 F. Supp. 35, 40 (D.D.C. 2010). In deciding motions for reconsideration in criminal cases, the courts apply the same standard applicable in civil cases under F. R. Civ. P. 59(e). *See Sunia*, 643 F. Supp 2d. at 60; *Slough*, 2014 WL 3734139 at *2. With respect to interlocutory orders, reconsideration should be granted "as justice requires." *Id*. District Courts analyzing detention orders, the Fifth Circuit has examined a burden-shifting framework using the factors listed in 18 U.S.C. § 3142(g). *See U.S. v. Flores*, 53 F.4th 313 (5th Cir 2022).

## III. ARGUMENT

### A.  *Decision Points Outlined at End of Detention Hearing*

At the end of the Detention Hearing held on July 7, 2025, the Magistrate Judge noted that this is "a presumption case." He further noted that "even if you rebut the presumption, the presumption still carries with the case."[1] He outlined the over-arching facts that carried his decision to detain the Defendant and others without bail were the following:

---

[1] *See* Ex. 1 - Transcript of Probable Cause / Detention Hearing, pp. 118-120.

1) The seriousness of the alleged offense—"[i]t's a serious case, it's a mandatory minimum of 10 years."[2]

2) The presence of firearms—"The presence of a gun creates problems for all of them since it's a conspiracy."[3]

3) The risk of flight—"[T]hey're all fairly recently in the United States. They all spent, you know, their formative years in Venezuela. None of them want to go back to Venezuela. And it's kind of counter-intuitive, but that's a problem. There's no good reason for them to show up to court and face a conviction in this case so that they can then, when that's done, be deported to Venezuela or wherever else these days."[4]

4) Lack of assets and ties to the community—"None of them have significant assets or liabilities, although most of them report some kind of employment. There's not a whole lot holding them here and there's a whole lot of reasons to not show up."[5]


**B.  *Apparent Weakness of Government Case***

Notwithstanding the above, the Government's case is not strong against the Defendant. First, the Magistrate Judge himself commented on this at the end of the hearing: "I'm not going to sit here and tell you that it's the strongest case in the world …"[6] Second, the Judge noted: "And I find that there's no danger issues. So to the extent there is an appeal of this, I am finding that danger is simply not an issue."[7] Third, as to the "allegations of gang membership" the Magistrate Judge

---

[2] Id.
[3] Id.
[4] Id.
[5] Id.
[6] Id. p. 119, lines 24-25, and p. 120, lines 1-13.
[7] Id. at p. 120.

seemed to minimize its importance or evidentiary support: "I generally consider the conduct that's before me, not some inference that there might be other conduct."[8] Fourth, when the undersigned counsel inquired about weapons, the Magistrate Judge himself stated that "[t]here weren't" any weapons.[9]

### C. Detention Order Against Defendant—Docket Document No. 45

In its Detention Order (Doc. 45), the Magistrate Judge found the rebuttable presumption of detention was applicable, but also held that the "defendant has rebutted the presumption" (Doc. 45, p.2). But in the analysis and statement of the reason for detention, Judge Bray held that "no condition or combination of conditions of release will reasonably assure the defendant's appearance" because, in the Defendant's case: 1) the offense charged "involves a controlled substance"; 2) if convicted, the Defendant would be "[s]ubject to [a] lengthy period of incarceration"; 3) the Defendant has "[s]ignificant family or other ties outside the United States"; and 4) he us "[s]ubject to removal or deportation after serving any period of incarceration." (Doc. 45, p. 3). Finally, Judge Bray provided additional reasons for detention, including that:

> Defendant was born and raised in Venezuela. He has been in Houston only two years. His parents reside in Venezuela. The defendant has some work history, but otherwise has few assets or liabilities.
>
> Defendant was in possession of a firearm at the time of the arrest on this offense. Defendant is facing a mandatory minimum of ten years in prison. His incentive to avoid a long prison sentence as well as deportation is very strong.

*Id*. at p. 4.

---

[8] Id. p. 10-13.
[9] Id. p. 96, lines 17-23. The Government initially charged the Defendant with firearm violations, but later dismissed those charges. The Court may take judicial notice of this dismissal. *See* Order of dismissal, Doc. 9, Case No. 4:25-mj-00386. The agent did testify about firearm transactions during the Detention Hearing, but none during the bust and arrest.

### D. Factors the Court Must Consider Under Statute

Obviously, the main issue for the Court to determine under 18 U.S.C. § 3142(g) is if there "are conditions of release that will reasonably assure the appearance of the person … and the safety of any other person and the community," and the statutory factors to be considered for that determination are:

> (1)    "the nature and circumstances of the offense charged";
>
> (2)     "the weight of the evidence against the person";
>
> (3)    "the history and characteristics of the person, including— (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history …, and (B) whether … the person was on probation, on parole …"
>
> (4)    "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

*Id*.

At the outset, the Court should put aside the determination in the Detention Order that the "Defendant was in possession of a firearm at the time of the arrest on this offense." Id. The record on this point is shaky and the Magistrate Judge himself stated that this was not supported by the evidence or testimony, as noted above. Also, the Magistrate Judge ruled-out any possible danger saying danger was not at issue here.

It is true that Defendant and his family are from Venezuela, but the Defendant was living and employed in the United States when he was detained, as was recognized even by the Magistrate Judge. But here is our response to the other factors of weight noted in the Detention Order:

Subject to a lengthy period of incarceration if convicted.

It is true that courts routinely treat a potentially long sentence as an incentive to flee, but some federal courts have explained that this factor alone is not enough. *See, e.g.*, <u>U.S. v. Friedman</u>, 837 F.2d 48 (2d Cir. 1988)("In other cases concerning risk of flight, we have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight").

"<em>Significant family or other ties outside the United States</em>."

Also, while foreign ties are a typical flight-risk marker, and the Defendant is from Venezuela, that country has designated as terrorist and dangerous place, and he is seeking asylum protection in the United States because of his fear to return to Venezuela.[10] This stands as a strong counterpoint to any theoretical risk of flight to Venezuela. Additionally, the reality on the ground in Venezuela has worsened over time. There are credible repeated human rights violations, with reports of "cases of torture and cruel, inhuman, and degrading treatment."[11] And it is public knowledge that the U.S. Government has declared Venezuela's President, Nicolas Maduro, the head of a terrorist organization and has offered a $50 million reward, and the media news outlets have recently reported the U.S. Government is placing strategic military assets in the Caribbean, heightening the risk of military confrontation with that country.[12] It would be contrary to common sense to assume that the Defendant, or anyone similarly situated who is seeking asylum in the U.S., to return to Venezuela for any reason, given these very real and dire situations occurring there.

---

[10] Ex. 2 – Asylum Appointment Notice.
[11] Ex. 3 – Country Reports on Human Rights Practices for 2024, U.S. Department of State.
[12] Ex. 4 – U.S. State Dept. Press Release Re: Nicolas Maduro.

"*Subject to removal or deportation after serving any period of incarceration*."

We have found no case that states that this is a categorical basis to detain a pretrial defendant, and some courts even explain that an ICE detainer is not strictly "flight" risk factor that categorically bars release. *See, e.g., U.S. v. Diaz-Hernandez*, 943 F. 3d 1196 (9th Cir. 2019) ("However, just as an immigration detainer cannot support the categorical denial of bail, neither can an immigration detainer support the categorical grant of bail. Rather, the Bail Reform Act mandates an individualized evaluation guided by the factors articulated in § 3142(g)"). *But see, United States v. Baltazar-Sebastian*, 990 F. 3d 939, 945 (5th Cir. 2021)("pretrial release under the BRA does not preclude pre-removal detention under the INA").

Therefore, in our view, a long potential sentence for Defendant can obviously be given weight, but it must be paired with other factors in the totality of circumstances.  Foreign family/financial ties does not belie that the Defendant is seeking asylum protection in the United States, so he is attempting to anchor his life in the United States to protect him from the real risks and dangers of Venezuela, so this is clearly inapposite to a flight risk. And the potential immigration detainer cannot be a categorical reason to detain him, but should be considered only as part of the total analysis. Immigration detainer only means there is a possibility Defendant may be taken into ICE custody for a temporary purpose, likely in the exact same facility he is currently being held (Joe Corley Detention Center, in Conroe, Texas), to determine his removal, which is clearly in the Untied States, not abroad. And it is the normal practice of federal judges to consider allowing alien respondents to post bond, and to allow them to conclude their criminal proceedings before final decisions about their immigration status. As a matter of policy and practice, the U.S. Department of Homeland Security, thru ICE, "takes custody of the inmate after the criminal alien

has completed his or her federal or state criminal sentence."[13] So the risk of the Defendant not appear for his federal proceedings is further diminished.

### E.  The Defendant's Character and Lack of Criminal History Should Weigh Heavily

The Defendant's character and lack of criminal history should weight heavily in favor of release. One of the factors that is expressly listed in the statute (18 U.S.C. § 3142(g)(3)) is "the history and characteristics of the person," which includes specific elements such as "the person's character," his "physical and mental condition," his "employment, his "past conduct" or "criminal conduct," and his "history relating to drug or alcohol abuse." The Government has brought forth absolutely no evidence that the Defendant lacks good character or physical or mental condition, or that he has any criminal convictions, here or elsewhere, or that he has any history of abuse relating to drugs or alcohol.

Attached to this motion is evidence that strongly supports the conclusion that Defendant has enjoyed good moral character and has never been convicted of any crime anywhere. In fact, multiple people vouch for him. Attached are the following documents, for the Court's consideration:

> Ex. 7 – Certificates of Completion
>
> Ex. 6 – Certificate No disciplinary incidents
>
> Ex. 8 – Employment Verification Letter XosCom
>
> Ex. 9 – Employment Verification Letter J&B
>
> Ex. 10 – Statement by Alba Castro

---

[13] Ex. 5 – U.S. DHS Victim Notification Program, found at: https://www.dhs.gov/archive/victim-notification-program

Ex. 11 – Statement by Brother Enyeer

Ex. 12 – Statement by Mom – Maria Anglica

Ex. 13 – Venezuela Criminal Record Certificate

More importantly, the risk of flight, if any exists (which we deny), would disappear or be greatly mitigated by the fact that U.S. Citizens vouch for him. The risk, if any, is further diminished by a U.S. Citizen vouching for him. Mr. Gilberto Aguirre, a friend of the Defendant, is a U.S. Citizen and a resident of Houston, Texas. He is vouching for the Defendant and is "willing and able to serve as a third-party custodian for Mr. Gutierrez if he is released on bail" and would ensure that the Defendant appears on time to any court hearings, complies with all conditions of release, and does not pose any danger to the community, among other conditions which may be imposed. Mr. Gutierrez has stated under penalty of perjury that is ready and fully understands that being "a third-party custodian is a serious responsibility and that any failure to comply with the terms may have legal consequences."[14]

## IV.     <u>CONCLUSION</u>

In summary, the Magistrate Judge held there was no danger here. The Defendant has no prior criminal history in the U.S. or anywhere else. He has no prior felony convictions or history of violence. He has stable residency, family in the area, and community support. He is willing to comply with strict supervision conditions. He is not a flight risk. Defense proposes reasonable secured bond, GPS monitoring, home confinement, and no contact with co-defendants. Defendant is willing to surrender his Venezuelan passport, submit to electronic monitoring, and comply with all court directives.

---

[14] Ex. 14 – Statement by Gilberto Aguirre.

WHEREFORE, the Movant prays that the Court grant his Motion for Reconsideration of Detention and set this matter for a hearing before the Honorable District Judge Lee Rosenthal so that Movant may fully argue his position.

By: _____

**Kevin Acevedo**
Federal ID No. 2932922
Texas Bar No. 24086848

**ACE LAW**
2950 North Loop W, Suite 500
Houston, TX 77092
Tel: (713)344-1833
Fax: (713) 565-0699

**ELECTRONIC SERVICE VIA:**
eservice@acelawtx.com

**ATTORNEY FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | Case No. 4:25−cr−00399 |
| | § | |
| v. | § | |
| | § | |
| RAMIREZ-CORREA, et al, | § | |
| | § | |
| *Defendants.* | § | |

## CERTIFICATE OF SERVICE

TO:    Clerk of the Court

I hereby certify that today, I electronically filed the foregoing **Motion** with the Clerk of the Court using the CM/ECF system, which will give automatic electronic notice to any other attorney of record.


By: _____
        Kevin Acevedo